**KELVIN DENNIE, ALPHONSO FRANCIS, PAUL ROBERTS, RUDOLPH ALBERT, DESMOND TRIM, LEONARD JAMES, MYRON WOODLEY, STEPHEN ST. ROSE, and CLOVELLE PHILLIP, Plaintiffs**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, VIRGIN ISLANDS TAXICAB COMMISSION, and ABRAMSON ENTERPRISES, INC., Defendants**

Civil No. 310/97

Territorial Court of the Virgin Islands

Division of St. Croix

July 24, 1997

ANDREWS, *Territorial Court Judge*

## MEMORANDUM OPINION and ORDER

### (July 24, 1997)

### INTRODUCTION

Defendant, Abramson Enterprises, Inc., (AEI) receives cruise ship passengers at the Frederiksted pier and transports them on bus tours. Plaintiffs, competing taxi drivers, allege that the defendant is operating without required medallions and is depriving them of income. They thus move the court to issue a preliminary injunction prohibiting Defendant from conducting tours, without medallions, pending a trial on the merits. In deciding whether to exercise its equity jurisdiction and grant a preliminary injunction, this Court must decide:

> Whether Defendant's providing of transportation to cruise ship passengers without automobile for hire medallions violates 20 V.I.C. §§ 407, 413(c).

For the reasons mentioned below, this Court concludes that the equities favor denying Plaintiffs' request for an injunction.

### PROCEDURAL BACKGROUND

Plaintiffs filed this action seeking injunctive relief and damages on May 16, 1997. They allege that AEI is illegally operating automobiles for hire and causing them economic losses. They further allege that defendant, Virgin Islands Taxicab Commission (V.I.T.C.), has failed to investigate and prohibit AEI's conduct. Lastly, Plaintiffs allege that defendant, Virgin Islands Port Authority (VIPA), improperly allows AEI

4

access to the pier and has refused to enforce its rules and regulations. Consequently, they ask the Court, inter alia, to: 1) permanently enjoin AEI from operating automobiles for hire without appropriate medallions; and 2) award them compensatory damages for their economic losses. AEI filed an answer generally denying Plaintiffs' allegations. None of the remaining defendants have answered the complaint.

On May 16, 1997, Plaintiffs filed a Motion for a Temporary Restraining Order against all three defendants. This Court denied that motion without a hearing on May 27, 1997. On June 3, 1997, AEI filed an opposition to the motion for restraining order. On June 9, 1997, Plaintiffs filed a Motion for Reconsideration of this Court's May 27th Order. A hearing on that motion was held on June 26, 1997. AEI received notice of, and appeared at the hearing. None of the remaining defendants have filed responses to the motion nor were they notified of the hearing. Accordingly, the motion proceeded as against AEI only. Since AEI received adequate notice of the application for a temporary restraining order and the hearing, this Court will treat the motion as one for a preliminary injunction against it only. FED. R. CIV. P. 65. Plaintiffs and AEI, presented arguments at the hearing and the matter was taken under advisement.

## FACTUAL BACKGROUND[1]

Plaintiffs are duly licensed taxi operators and owners of automobile for hire medallions. AEI is a duly registered Virgin Islands Corporation and has a business license to provide sightseeing tour services. In competition with Plaintiffs, it transports cruise ship passengers from the Frederiksted Pier (the Pier) in its busses. The busses have a seating capacity in excess of twelve (12) passengers. Cruise ships carry approximately 3,400 passengers on average. Plaintiffs and other transportation providers receive tourists at the pier during cruise ship days. AEI transports the vast majority of tourists who desire transportation, that is, approximately six hundred passengers. Consequently, Plaintiffs lose considerable business opportunities as a result of AEI's operation.

---

[1] No evidence was presented at the hearing on June 26th. Accordingly this Court derives the facts from the supporting affidavits attached to the Motion for a Restraining Order, to AEI's Opposition, and to the supplemental briefs. Consideration has been given, among other things, to whether the affiants appeared to have personal knowledge of the facts sworn to, as well as to their interest in this proceeding. Most of the pertinent facts are not in dispute.

AEI does not own automobile for hire registration licenses nor medallions. Nevertheless, it has operated busses for public transportation and tours on St. Croix since 1960. AEI provides transportation for school children and pre-arranged tours. It contracts out transportation services to cruise ships and tour agencies, who arrange tours for cruise ship passengers in advance. These tours include trips to Buck Island, the beach. Christiansted town for shopping, and cultural highlight tours. The passengers pay for the tour by purchasing tickets prior to the visits. A portion of the ticket is presented to the bus operator upon entering the tour bus. AEI is paid by the ships and/or tour agencies for its services. It provides a significant amount of transportation services at the Pier, and would have to lay off employees if it had to cease operation.

In 1978, the Virgin Islands Legislature enacted a law requiring the possession of a medallion as a prerequisite to operating an "automobile for hire". 20 V.I.C. § 407(a). The issuance of medallions is administered by V.I.T.C. 3 V.I.C. § 274(g)(1), 20 V.I.C. § 407(b), (c). The Commission has the authority to, inter alia:

1)   issue medallions and license plates to owners of automobiles for hire;

2)   adopt, amend, and revoke rules to regulate and control the automobile for hire industry;

3)   make recommendations for the establishment and enhancement of tourist attractions in the Virgin Islands as it relates to the automobile for hire industry and

4)   receive and investigate complaints concerning the conduct of operators of automobiles for hire, and impose appropriate fines and penalties.

3 V.I.C. § 274(g). The Commission is required to establish criteria to assure that medallion owners operate automobiles for hire in a manner acceptable to the public interest. 20 V.I.C. § 408(d).

The V.I.T.C. is authorized to sell a maximum of ten (10) medallions, and auction a minimum of six (6) to veterans, annually. Only persons approved by the V.I.T.C. may receive medallions. Even persons who purchase medallions from existing owners must be approved by the V.I.T.C. 20 V.I.C. §§ 407(c) & 408(d).

On July 31, 1995 and November 8, 1995 Plaintiffs complained to V.I.P.A. and V.I.T.C. about AEI's transportation of passengers from the

Pier, and claimed that it was illegal. The issue was brought before the Senate Committee on Health and Government Operations on November 13, 1995. On or about December 14, 1996, Plaintiffs and other taxi drivers petitioned the Governor of the Virgin Islands to take action, and also took the matter to the press. About January 21, 1997, a formal complaint was lodged with V.I.T.C. alleging that AEI was operating as "automobiles for hire" without appropriate medallions, registration licenses, and plates. Despite these complaints, no resolution to the matter has been forthcoming. Consequently, Plaintiffs elected to take the matter to court.

## LEGAL ANALYSIS

In deciding whether to exercise its equity jurisdiction and grant Plaintiffs request for a preliminary injunction, this Court considers four factors:

1) the significance of the threat of irreparable harm to Plaintiffs if the injunction is denied;
2) the balance between the harm alleged by plaintiffs versus the harm to AEI if the injunction is granted;
3) the probability that Plaintiffs will succeed on the merits; and
4) the public interest.

*SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985). These factors will be considered separately.

*1) Irreparable Harm*

Plaintiffs have established that they are losing business as a result of AEI's operation of its busses at the Pier. AEI provides transportation for approximately 600 tourists on cruise ship days. Although an average ship carries 3,400 passengers, few remain at the pier for Plaintiffs to do business with. Consequently, Plaintiffs suffer economic losses which are difficult to ascertain. Such losses establish irreparable harm. *Loretangeli v. Critelli*, 853 F.2d 186, 196 n.17 (3d Cir. 1986); *V.I. Taxi Association v. Lettsome, et. al.*, 36 V.I. 43 (T.C. St.T./St.J. 1997).

AEI argues that Plaintiffs' alleged loss is incredible because it has been providing bus transportation for tours for thirty seven (37) years, and Plaintiffs have survived. Therefore, it concludes, their loss cannot be immediate. Since this matter is before the court on a request for a

7

preliminary injunction, the harm need not be "immediate". FED. R. CIV. P. 65. Further, this Court takes judicial notice that it was only after the Pier was rebuilt and reopened in July of 1995 that cruise ship arrivals to St. Croix significantly increased. Thus it is only of recent times that AEI's activities would have adversely impacted on Plaintiffs. Additionally, Plaintiffs have been complaining about their harm from July, 1995, through January, 1997. Under these circumstances, Plaintiffs' harm is not incredible.

## 2) Balance of Hardships

AEI asserts that it would have to lay off employees if enjoined from providing transportation services at the Pier. It has not explained how AEI would be harmed by an injunction. AEI's employees are not parties to this action, therefore, any harm suffered by them is not pertinent to this second factor. It may be reasonably presumed that AEI would lose business income if enjoined. Yet, no evidence was presented as to how this loss would affect AEI's overall business stability. Since the basic contention of both parties is that they are losing income, actual or potential, the balance of hardships favor neither party.

## 3) Probability of Succession Merits

Plaintiffs assert that AEI is providing transportation at the Pier illegally because it does not possess medallions, as required by 20 V.I.C. §§ 407 & 413(c), for "automobiles for hire". AEI contends that it does not need medallions because it is not operating "automobiles for hire". Alternatively, it contends that if it is in violation of Sections 407 and 413(c), then application of those sections to its operation contravenes the Commerce Clause and is thus unconstitutional.[2] This Court will not reach the Commerce Clause issue, however, since it concludes that AEI is not violating Sections 407 and 413(c).

---

[2] AEI also argues that its operation is permissible pursuant to an exception to 19 V.I. ___ Sess. Laws 5231 § 1(e). AEI's Memo in Opposition to Motion for Temporary Restraining Order, Pgs. 7-8. The simple answer to his contention is that the Act applies solely to public taxicab service from the St. Thomas and St. Croix airports. It says nothing about transportation from the Pier. This argument is thus without the slightest merit.

In 1978, medallions first became a requirement to transport passengers in an automobile for a fee. The applicable statute provides in pertinent part:

> no person, . . . , corporation, . . . may register an automobile for hire, or purchase license plates therefor, or own an automobile for hire enterprise within the Virgin Islands who has not first obtained an automobile-for-hire medallion. . . ; [and]

> [N]o person shall cause to be operated within the Virgin Islands an automobile for hire who is not the owner of a medallion validly obtained . . . .

20 V.I.C. §§ 407(a), 413(c). An automobile for hire means:

> a motor vehicle operated for the purpose of transporting passengers for hire in the Virgin Islands and shall include motor vehicles operated for the purpose of conducting tours whether or not on fixed routes or on established schedules, but shall not include motor vehicles operated as motor busses or passenger-carrying trucks subject to regulation under the provisions of chapter 1, Title 30 of this code, nor motor vehicles owned by the Government of the United States Virgin Islands or by the Government of the United States nor drive-yourself motor vehicles for lease.

20 V.I.C. § 101 (Supp. 1995.) AEI's vehicles have been described by both parties as "busses" operated by a "driver". Passengers are taken in the vehicles to Christiansted, some fifteen (15) miles away. Therefore, this court concludes that the vehicles are propelled by other than muscular power and are "motor vehicles". Id. Further, the evidence establishes that AEI transports passengers from the Pier as part of a pre-packaged tour. Thus AEI's "motor vehicles" are being operated for the purpose of conducting tours. The only remaining question then is whether any of the exceptions to the definition applies.

■ Although not addressed by AEI, this Court notes that the statute defining "automobiles for hire" specifically excepts "motor vehicles operated as motor busses or passenger-carrying trucks subject to regulation under the provisions of chapter 1, Title 30 of . . . [the Virgin Islands] code". 20 V.I.C. § 101. The applicable chapter subjects certain

9

public utilities to regulation by the Public Service Commission. It provides in pertinent part:

> (a) The following services provided by an individual, . . . , corporation. . . for compensation are declared to be affected with a public interest and are defined to be a public utility subject to this chapter, and the person providing such service to be a "public utility". . . .
> (6) passenger services by motor busses or trucks;
>
> . . .

30 V.I.C. § 1(a). Here the evidence establishes that AEI is providing passenger service at the Pier by motor busses. The applicable statutes are plain on their face. AEI is subject to regulation under chapter 1, of Title 30, and therefore is not an "automobile for hire". Accordingly, AEI need not possess medallions to operate its busses at

■ Plaintiffs, without any analysis, simply assert in their brief that busses are not exempted as a public utility when operating for the purpose of transporting passengers-for-hire. Plaintiffs' Memo in Support of Motion for Restraining Order, pg. 19. Contrary to this assertion, the definition of "automobiles for hire" specifically and unambiguously exempts motor busses subject to regulation by the Public Service Commission, even if they are being operated to transport passengers for hire or to conduct tours. 20 V.I.C. § 101. Further, the Public Utilities statute subjects motor busses providing "passenger services" to regulation. It does not limit or restrict such services to passengers who happen to be tourists, or to passenger services which are part of a tour. This reading of the statute is plain and thus no basis exists to support Plaintiffs' contention.

Moreover, the Court's conclusion is supported by the fact that the motor vehicle statute appears to distinguish between an "automobile for hire" and a "motor bus" by listing them separately. For example the registration section of the statute provides:

> Every automobile for hire, every motor bus, every automobile truck used for hire, and every drive-yourself motor vehicle for lease shall be issued, and shall carry a license plate . . .

20 V.I.C. § 338 (1995). Further, the automobiles for hire section requires that every "automobile for hire" shall have a sign or dome light thereon

10

bearing the word "Taxi". 20 V.I.C. § 402(d). This Court takes judicial notice that in this territory, no "motor bus", that is, a passenger-carrying vehicle with a seating capacity in excess of a car or, a vehicle referred to locally as a taxi van, bears such a sign or light. Accordingly, the statutory scheme suggests that "motor busses" were not intended to be included in the classification of "automobiles for hire".

### 4) Public Interest

AEI's operation promotes the Virgin Islands tourist industry. This is definitely in the public interest. If AEI is enjoined and no person or corporation substitutes for it, the tourist industry would suffer harm. However, there has been no showing that Plaintiffs and other operators of "automobiles for hire" would not serve as an adequate substitute. In fact, there is evidence that a cruise ship had contacted the Taxi Association in 1996 to arrange tours on St. Croix. The Association, however, was underbid by AEI. Affidavit of James Roberts. Certainly Plaintiffs stand ready to do business with the cruise ships. Thus, it would appear as though the issuance of an injunction would not adversely impact upon the public interest. Conversely, no adverse impact would occur if the injunction is denied. Accordingly, this factor, standing, alone does not weigh in either party's favor.

## CONCLUSION

In light of the circumstances of this case, this Court finds that the merits weigh most heavily. When balanced with the other factors the following conclusions emerge: 1) the significance of Plaintiffs' harm is substantially reduced as it results from AEI's legitimately conducted operations at the Pier; and 2) the public interest cannot be served by enjoining legitimate passenger transportation which enhances the tourist industry. This Court has already concluded the balance of the hardships favor neither party. Finally, the Court concludes that Plaintiffs' probability of success on the merits is slight. The issuance of an injunction in these circumstances would be inappropriate. Accordingly, Plaintiffs' request will be denied.

## ORDER

Based upon the foregoing opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order/Preliminary Injunction is **DENIED**; and it is further

**ORDERED** that this matter is scheduled for a trial on the merits on September 22, 1997 at 9:30 a.m.